894 So.2d 382 (2005)
Kevin ALEMAN
v.
ALLSTATE INSURANCE COMPANY, Jasper W. Cavalier and Andrew C. Thrash.
No. 04-CA-948.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 2005.
Brian G. Meissner, James G. Kambur, Kambur & Meissner, New Orleans, LA, for Plaintiff/Appellant.
James L. Donovan, Jr, P.M. Donovan, Donovan & Lawler, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Plaintiff, Kevin Aleman, filed suit for damages received as a result of an automobile accident. In this suit, plaintiff alleged that the van that he was driving was hit by a truck driven by defendant Thrash while *383 Thrash was assisting in the moving of a large crane owned by Morril & Associates. Trial on the merits was had, and the court rendered judgment in favor of defendants, dismissing plaintiff's suit with prejudice. After the denial of his motion for new trial, plaintiff filed this appeal.
The evidence at trial showed that defendants, Morril & Associates, were in the process of moving a 70 foot crane from one of Morril's repair yards to another. The two yards were separated by a yard owned by a third party. The crane was driven by Amund Djuve, and Jasper Cavalier operated the boom. The crane pulled out of the yard, and turned right, crossing the street and coming to a stop on the opposite shoulder of the road. The crane was followed by a white pickup truck, owned by Cavalier, equipment supervisor, and operated by Thrash, a live-in watchman. The truck also pulled across the road and onto the shoulder. Jonathan Davis was the flagman in front of the crane and George Lowery was the flagman after the truck.
Plaintiff was driving a van owned by his employer, Riley Electric, and was in the course and scope of his employment delivering various items to customers. He testified that he was proceeding down the street at approximately 40 miles per hour, heading toward the crane, which was stopped on the left hand shoulder. When he was twenty to thirty feet away, the truck pulled out in front of him, made a u-turn and then struck his van in the rear behind the back wheel. He was forced off the road and into a ditch. On cross examination plaintiff stated that, "Now, I did swerve to the right, but he did hit me and push me in the ditch." The van continued on its side and stopped when it ran into a concrete culvert. Plaintiff admitted that the crane remained parked throughout the entire incident. Plaintiff also stated that he did not see any flagmen prior to the accident.
The deposition testimony of Andrew Thrash, the driver of the truck, was introduced into evidence. Thrash stated that he followed the crane out of the yard and onto the shoulder, traveling at 2-3 miles per hour. He heard squealing and popping, and then the van slid by him and into the ditch. He did not know why plaintiff went off the road. Trash further testified he did not hit that van, and that there was no damage to the truck after the accident.
Mr. Djuve, crane operator/mechanic, was employed by Morril and driving the crane at the time of the accident. He testified that the crane exited the yard, and then parked across the street. The crane was escorted by Thrash, who was in the truck behind the crane, and by the flagmen. He saw the white van approaching, and was waiting for it to pass and for the signal to move. At trial, Mr. Djuve stated that the van "was at a distance, and he got there pretty quick." He then saw the van go into the ditch. Mr. Djuve did not see then truck move into the opposite lane of travel prior to the accident.
Mr. Cavalier was the owner of the pickup truck driven by Thrash. He was operating the boom, located at the opposite end of the crane. He testified that both the crane and the truck were stopped in anticipation of turning into the second yard. The truck was behind the boom at a 90 degree angle, partially in the lane of traffic opposite than that the van was in. The van passed the boom and the truck before it started off the roadway. He did not see a collision and he does know why the van left the roadway. His truck had no damage after the accident.
George Lowery, one of the flagmen, testified that he guided the crane out of the yard and across the street. He was not equipped with a red flag, but he did have a *384 red hardhat. He intended to stop traffic when the crane was ready to cross back into the second yard. He had not done so because the crane and the pickup truck were not moving. He heard gravel crunching and tires squealing and, when he turned around he saw the van on the shoulder of the road. The van then ran right into the ditch. He did not see or hear a collision. At that time, the truck was still behind the crane and he did not notice any part of the truck in the roadway. He also did not see any damage to the truck after the accident.
Denise Bethea Guerineau was proceeding opposite the van. She passed as the accident occurred, and viewed part of it in her rear view mirror. She saw the truck pull out into traffic and saw the van veer into the ditch, however, she did not see the truck make contact with the van.
In his ruling dismissing plaintiff's case, the trial court found that
. . . the plaintiff was solely at fault in the accident. There was not find (sic) any fault on the part of the defendants. The evidence and testimony does not support a finding that there was any impact between the two vehicles. The only testimony to support this contention is that of the plaintiff. There is not any other evidence in the record to show that there was any impact.
In this appeal, plaintiff contends that the trial court committed manifest error in finding that the appellees were not negligent in the accident, and that the trial court should therefore award damages.
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court's finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide that it would have found the facts of the case differently. The reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Desselle v. Jefferson Hosp. Dist. No. 2, 04-455 (La.App. 5 Cir. 10/12/04), 887 So.2d 524.
Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly wrong. Rossell v. ESCO, supra. Where the factfinder's conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Id. The reviewing court must always keep in mind that if a trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993); Kraemer v. Joseph, 04-270 (La.App. 5 Cir. 9/28/04), 885 So.2d 22.
In this case, the trial court was presented with conflicting versions of how the accident occurred, and the trial court made a factual determination to reject plaintiff's testimony. We cannot say that this credibility *385 determination is manifestly erroneous.
Plaintiff argues that, even if the court did not commit error in finding that no collision occurred, the trial court erred in failing to find that Trash was at fault in the accident. Plaintiff argues that Trash had a duty to enter the roadway with care, and that he breached this duty by entering the roadway in front of him (plaintiff), and that this breach caused plaintiff to leave the roadway and collide with the culvert. Plaintiff also advanced this argument in his motion for new trial, which was denied.
From the record before us, it is clear that the trial court could have found that the truck did not pull out in front of plaintiff's van in a manner so as to run him off the road, and that the plaintiff overreacted to the situation as found by the trial court. Accordingly, we find no error in the trial court's judgment dismissing plaintiff's claim.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff/appellant.

AFFIRMED.