WALTER J. ROTHSCHILD, Judge.
 

 |2PIaintiff, Calina Lee, appeals from a trial court judgment dismissing her Petition for Protection from Abuse and granting mutual restraining orders against her and defendant, Pierre Smith, Sr. For the following reasons, we reverse and vacate the restraining order issued against Ms. Lee. In all other respects, we affirm the judgment of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 Calina Lee and Pierre Smith, Sr. were in a relationship for approximately nine years from 1996 to 2005. They have one minor child together, namely Pierre Smith, Jr. On October 3, 2007, Ms. Lee filed a Petition for Protection from Abuse, pursuant to LSA-R.S. 46:2131
 
 et seq.
 
 In her petition, Ms. Lee alleged that Mr. Smith physically abused her on September 30, 2007 when the parties met to exchange their son at a grocery store parking lot in Westwego, Louisiana. She also alleged prior incidents of abuse by Mr. Smith. The domestic commissioner for Jefferson Parish issued a restraining order against Mr. Smith and set the matter for hearing to determine whether or not a protective order should be issued against Mr. Smith, in accordance with the relief sought in Ms. Lee’s petition.
 

 On October 17, 2007, the parties appeared before the domestic commissioner, and a hearing on Ms. Lee’s Petition for Protection from Abuse was | oheld. At the conclusion of the hearing, the domestic commissioner dismissed Ms. Lee’s petition, noting that the parties relayed vastly different stories to the court. The domestic commissioner further stated:
 

 I don’t have any reason to disbelieve any one of you at this point in time. Each of you is about as credible as the other one. So I don’t find a preponderancy [sic] of the evidence. I’m going to have to dismiss this petition.
 

 Thereafter, on December 4, 2007, Ms. Lee filed a “Motion for Leave of Court to File an Objection to Judgment rendered by Domestic Commissioner,” arguing that her time to object to the domestic commissioner’s ruling had not elapsed because she had not been given notice of her right to object. After a hearing on January 24, 2008, the trial judge found that Ms. Lee has not been given the required notice, so she allowed Ms. Lee to file an objection to the domestic commissioner’s ruling.
 

 On February 7, 2008, the parties appeared before the trial court for hearing on Ms. Lee’s objection to the domestic commissioner’s dismissal of her Petition
 
 *103
 
 for Protection from Abuse. Both parties were represented by counsel. At the hearing, Ms. Lee testified that she was in a relationship with Mr. Smith from 1996 to March 2006 and that the relationship was mentally, verbally, and physically abusive. She stated that she filed for a protective order due to an altercation on September 30, 2007 when the parties were exchanging their son in a Winn-Dixie parking lot. She explained that Mr. Smith called her when she was on her way to meet him and told her to hurry up because he had something to discuss with her. When she arrived, Mr. Smith was upset and accused Ms. Lee’s boyfriend, Michael Joseph, of physically disciplining their son. Ms. Lee testified that Mr. Smith put his hand in her face and nudged it with his fingers and then he pushed her hand -with his fingers and fist. Then, she stated that he grabbed her shirt, started pushing 14her, and put her in a headlock until she told him there were police officers nearby. Ms. Lee claims that she suffered injuries as a result of this incident. She stated that her mother and the parties’ son witnessed the incident. Ms. Lee further testified that Mr. Smith physically abused her ten or more times during their relationship and she described some of the alleged incidents.
 

 Ms. Lee’s mother, Cherri Scott, testified at the hearing, and her testimony regarding the September 30, 2007 incident was in agreement with Ms. Lee’s testimony.
 

 Pierre Smith, Sr. testified that he and Ms. Lee always argued, but he has never been physically abusive. He testified that on September 30, 2007, he was driving their son, Pierre, to meet Ms. Lee. On the way, Pierre told him that Ms. Lee’s boyfriend, Mr. Joseph, had whipped him. He called Ms. Lee and told her that he needed to talk to her, so she should hurry to meet him. When she arrived, he told her that Pierre said Mr. Joseph whipped him. Ms. Lee denied the allegation and an argument ensued. According to Mr. Smith, when he told Ms. Lee that he didn’t want any man whipping his son, she started punching him and trying to fight him, so he grabbed her arm, turned her around so that she couldn’t punch him any longer, put her in her truck, and told her to leave. He testified that Ms. Lee got out of the truck and tried to fight him again, but he got in his truck and left. He further stated that police officers were at a donut shop 15 to 20 yards away at the time of the incident, and he believes that they would have noticed if a physical altercation or physical abuse had occurred.
 

 At the conclusion of the hearing, the trial judge issued mutual restraining orders against both parties, and stated:
 

 They can’t get along. It is very obvious to me that they can’t. I’m not sure which one is the cause, but I think they probably both are.
 

 I.Jn her judgment, the trial judge denied Ms. Lee’s objection to the domestic commissioner’s ruling dismissing the Petition for Protection from Abuse, ordered both parties to attend court-approved anger management and parenting classes, ordered the current visitation schedule for the minor child to remain in place, and ordered thaf the parties are mutually retrained and enjoined from:
 

 1) abusing, harassing, stalking, following or threatening the other in any manner whatsoever, including the use, attempted use or threatened use of force or physical violence;
 

 2) contacting the other personally, electronically, by phone, in writing, or through a third party, without the express written permission of this court;
 

 3) going within one hundred (100) yards of the other’s residence, school or place of employment, or in any way
 
 *104
 
 interfering with the other’s school or. employment;
 

 4) discussing these proceedings or making any disparaging comments about the other to, or in the presence of, the minor child.
 

 In her reasons for judgment, the trial judge indicated that, based on the testimony and evidence, including the demeanor of the witnesses, she agreed with the domestic commissioner’s decision to dismiss Ms. Lee’s Petition for Protection from Abuse, because Ms. Lee failed to prove the allegations in her petition by the appropriate standard. Ms. Lee appeals from the trial court’s judgment.
 

 LAW AND DISCUSSION
 

 In her first assignment of error, Ms. Lee asserts that the trial judge erred when she issued mutual restraining orders against both parties, because Mr. Smith did not file any petition or pleading against her. She contends that she could not have reasonably anticipated that a restraining order would be imposed against her, so she did not put on evidence in her defense and did not have a meaningful opportunity to be heard.
 
 [1]
 

 | ,-The purpose behind the entire legislative scheme in Louisiana Revised Statutes 46:2131, et
 
 seq.,
 
 is to provide relief to victims of domestic violence by establishing “a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection.” LSA-R.S. 46:2131;
 
 Bays v. Bays,
 
 00-1727, p. 5 (La.2/21/01), 779 So.2d 754, 758. LSA-R.S. 46:2136 permits a court to grant a protective order to prevent the possibility of family violence, provided a petition is filed requesting the order and the defendant is afforded reasonable notice consistent with due process.
 
 Wise v. Wise,
 
 02-574, p. 2 (La.App. 5 Cir. 11/13/02), 833 So.2d 393, 394. The petition must detail the facts and circumstances concerning the alleged abuse. LSA-R.S. 46:2134. By requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant’s constitutional due process rights, particularly the right of reasonable notice, will be observed.
 
 Bays,
 
 p. 6, 779 So.2d at 758;
 
 Branstetter v. Purohit,
 
 06-1435, p. 5 (La.App. 4 Cir. 5/2/07), 958 So.2d 740, 743.
 

 In
 
 Bays v. Bays,
 
 p. 2, 779 So.2d at 756, after a hearing on the husband’s Petition for Protection from Abuse, the trial court issued protective orders against both the plaintiff husband and the defendant wife, finding that the parties had a mutually abusive relationship. The Court of Appeal affirmed. However, the Louisiana Supreme Court reversed the issuance of the protective order against the husband, finding that the trial court had no authority to issue a protective order against the husband because the wife had not filed a petition against him and no protective order pursuant to the domestic violence assistance statutes may be issued without the filing of a petition in compliance with LSA-R.S. 46:2133.
 
 Bays,
 
 p. 7, 779 So.2d at 758.
 

 |7In the present case, the only Petition for Protection from Abuse pursuant to LSA-R.S. 46:2131,
 
 et seq.,
 
 was filed by Ms. Lee against Mr. Smith. Mr. Smith did not file any pleadings seeking protection from Ms. Lee. After reviewing the testimony in this matter, we do not disagree with the trial judge’s rationale for issuing mutual restraining orders against both parties.
 
 *105
 
 However, based on the Louisiana Supreme Court’s decision in
 
 Bays v. Bays,
 
 we find that the trial judge did not have the authority to issue a restraining order against Ms. Lee, because no pleadings were filed against her and she was not afforded reasonable notice that a restraining order could be issued against her. Accordingly, we reverse and set aside that part of the trial court’s judgment issuing a restraining order against Ms. Lee.
 

 In her second assignment of error, Ms. Lee contends, as an alternative to her argument in the first assignment of error, that the trial court exceeded its authority when it issued a restraining order against Ms. Lee
 
 after
 
 it dismissed the only petition pending in this case. Considering our ruling on the first assignment of error setting aside the restraining order against Ms. Lee, it is unnecessary to address this alternative assignment of error.
 

 In her third assignment of error, Ms. Lee asserts that the trial court erred when it disregarded the testimony of her mother, Cherri Scott, declaring her unfit to testify. She argues that the issue of Ms. Scott’s competency to testify was not litigated and the record does not contain a reasonable basis for declaring Ms. Scott unfit to testify.
 

 In her reasons for judgment, the trial judge stated:
 

 The only other witness to the incident was Ms. Lee’s mother, Cherri Scott. Unfortunately, we must discount her testimony. She is the petitioner’s mother and her testimony appeared to have been biased in favor of her daughter. More importantly, it was clear that Ms. Scott was less than fit to testify. She was very candid about her past mental | Sillness, which the Court appreciates. However, considering her testimony and demeanor, including her apparent difficulty in recalling basic information such as her home address, the Court has strong reservations about her competency as a witness.
 

 The appropriate standard for appellate review of factual determinations is the manifest error standard which precludes the setting aside of a trial court’s factual findings unless they are clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). The reviewing court should affirm the trial court when the trial court judgment is not clearly wrong or manifestly erroneous.
 
 Aleman v. Allstate Ins. Co.,
 
 04-948, p. 5 (La.App. 5 Cir. 1/11/05), 894 So.2d 382, 384. Where the factfinder’s conclusions are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
 
 Id.
 
 The question of a person’s competency to be a witness is determined by the trial judge.
 
 Greene v. Taylor,
 
 01-1137, p. 5 (La. App. 3 Cir. 2/27/02), 809 So.2d 1187, 1191,
 
 writ denied,
 
 02-975 (La.4/26/02), 814 S.2d 567.
 

 We agree with Ms. Lee’s assertion that the record does not show that Ms. Scott had difficulty recalling her home address. However, that does not mean that the trial judge was unjustified in finding that it was clear that Ms. Scott was not fit to testify. The trial judge stated that Ms. Scott’s testimony and demeanor caused her to have strong reservations about her competency as a witness. At the hearing, Ms. Scott testified that at the time of the hearing, she was disabled due to a nervous breakdown and severe depression. She admitted that she has had two or three nervous breakdowns, which caused her to spend some time hospitalized. The trial judge listened to this testimony and also
 
 *106
 
 observed Ms. Scott’s demeanor and 19manner on the witness stand, and she was in the best position to assess Ms. Scott’s credibility and competence to testify-
 

 Although Ms. Lee also argues that the trial judge should not have excluded Ms. Scott’s testimony simply because she is her mother, it does not appear that the trial judge did so. Rather, she stated that she found that Ms. Scott’s testimony “appeared to have been biased in favor of her daughter.” We cannot say that the trial judge was clearly wrong in finding that Ms. Scott’s testimony was biased.
 

 Considering Ms. Scott’s testimony and the law regarding competency and credibility of witnesses, we find no error in the trial judge’s decision to discount Ms. Scott’s testimony. This assignment of error is without merit.
 

 In her fourth assignment of error, Ms. Lee contends that the trial court erred when it dismissed her Petition for Protection from Abuse. She argues that the trial judge’s reasons for judgment show that she did not determine whether a protective order was necessary to bring about cessation of violence against her. She further claims that she presented substantial, credible, and corroborated evidence showing that she suffered serious domestic violence at the hands of Mr. Smith.
 

 Protective orders are issued in domestic violence matters pursuant to the Domestic Abuse Assistance Statutes, LSA-R.S. 46:2131,
 
 et seq. Mitchell v. Marshall,
 
 02-0015, p. 2 (La.App. 3 Cir. 5/1/02), 819 So.2d 359, 361. Arguments that do not rise to the threshold of physical or sexual abuse in violation of the criminal code are not in the ambit of the Domestic Abuse Assistance laws.
 
 Culp v. Culp,
 
 42,239, p. 6 (La.App. 2 Cir. 6/20/07), 960 So.2d 1279, 1282,
 
 writ not considered,
 
 07-1836 (La.10/5/07), 964 So.2d 378. An appellate court reviews domestic protective orders for abuse of discretion.
 
 Id.
 

 After reviewing the record in its entirety, we find no abuse of discretion in the trial court’s decision to deny Ms. Lee a protective order against Mr. Smith and |into dismiss her Petition for Protection from Abuse. At the hearing, Ms. Lee testified that Mr. Smith was physically abusive on September 30, 2007 and other occasions. Mr. Smith testified that he was not physically abusive on September 30, 2007 or on any other occasion. In her reasons for judgment, the trial judge stated that neither Ms. Lee nor Mr. Smith gave testimony regarding the September 30, 2007 incident that was entirely credible. She further stated that based on the testimony and evidence, including the demeanor of the witnesses, Ms. Lee failed to prove the allegations of abuse contained in her Petition for Protection from Abuse by the appropriate standard. Apparently, the trial judge did not believe Ms. Lee’s testimony regarding physical abuse by Mr. Smith. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous.
 
 Bear v. Pellerin Const., Inc.,
 
 01-0984, p. 4 (La.App. 4 Cir. 1/30/02), 806 So.2d 984, 988,
 
 writ denied
 
 02-943 (La.6/7/02), 818 So.2d 777.
 

 Considering the record before us, along with the applicable law, we find no abuse of discretion in the trial judge’s decision to deny Ms. Lee’s request for a protective order against Mr. Smith and to dismiss her Petition for Protection from Abuse.
 
 DECREE
 

 For the foregoing reasons, we reverse and set aside the portion of the trial court’s judgment issuing a restraining order against Ms. Lee. In all other respects, the trial court judgment is affirmed.
 

 
 *107
 

 AFFIRMED IN PART; REVERSED IN PART.
 

 [1]
 

 . We note that Mr. Smith has not filed a brief with this Court in response to Ms. Lee's arguments on appeal, and he has not sought review of the trial court's ruling issuing a restraining order against him.