# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

**10-1530**
**consolidated with**
**10-1531**

**CANDIACE NEWCOMER FONTENOT**

**VERSUS**

**JACKIE NEWCOMER**

## CONSOLIDATED WITH

**CANDIACE NEWCOMER FONTENOT**

**VERSUS**

**CHARLES WILBUR NEWCOMER, JR.**

************

**APPEAL FROM THE**
**FOURTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF CALCASIEU, NOS. 2010-3042 AND 2010-3044**
**HONORABLE CLAYTON DAVIS, DISTRICT JUDGE**

************

**JAMES T. GENOVESE**
**JUDGE**

************

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**REVERSED.**

**Michael R. Garber**
**1801 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 494-5500**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Jackie Newcomer and Charles Wilbur Newcomer, Jr.**

**Frank E. Lemaire**
**1633 S. Beglis Parkway, Suite 2**
**Sulphur, Louisiana 70663**
**(337) 626-2222**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Jackie Newcomer and Charles Wilbur Newcomer, Jr.**

**David M. Hudson**
**2917 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Candiace Newcomer Fontenot**

**GENOVESE, Judge.**

Defendants, Jackie Newcomer and Charles Wilbur Newcomer, Jr., appeal the trial court's grant of a protective order against them filed by their daughter, Plaintiff, Candiace Newcomer Fontenot, on her own behalf and on behalf of her two minor children, Taylor Fontenot and James Fontenot, III. For the following reasons, we reverse.

## FACTS

Plaintiff, Candiace Newcomer Fontenot, filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, individually and on behalf of her two minor children, Taylor Fontenot and James Fontenot, III, naming as Defendants, her parents, Charles Wilbur Newcomer, Jr. and Jackie Newcomer.[1] The trial court issued a Temporary Restraining Order on June 8, 2010. Following a July 1, 2010 hearing, a Permanent Injunction was issued. The Newcomers filed a Motion for New Trial which was heard by the trial court on August 30, 2010. Thereafter, the trial court granted the Newcomers' motion "for the sole purpose of modifying the expiration date of the Order of Protection signed . . . on July 1, 2010, such that the Order shall expire 18 months from July 1, 2010." The Newcomers appeal.

## ASSIGNMENTS OF ERROR

The Newcomers present the following assignments of error for our review:

1.   The trial judge erred in issuing an order of protection because the acts the Newcomers are alleged to have committed are not within the scope of the Domestic Abuse Assistance laws ([La.R.S.] 46:2131, [*et seq.*]) and posed no real or immediate threat of harm.

2.   The trial judge erred in basing his decision on the unreasonable fear Taylor Fontenot has of Mr. Newcomer.

---

[1]Candiace instituted separate proceedings against her mother and father; however, the matters were consolidated by the trial court.

3.  The trial judge erred in hearing this case because it should not have been assigned to him.

## LAW AND DISCUSSION

In their first assignment of error, the Newcomers contend that the actions Candiace alleges that they have committed are not within the scope of La.R.S. 46:2131, *et seq*. We agree.

> The purpose behind the entire legislative scheme in Louisiana Revised Statutes 46:2131, *et seq*., is to provide relief to victims of domestic violence by establishing "a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection." LSA-R.S. 46:2131; *Bays v. Bays*, 00-1727, p. 5 (La.2/21/01), 779 So.2d 754, 758. LSA-R.S. 46:2136 permits a court to grant a protective order to prevent the possibility of family violence, provided a petition is filed requesting the order and the defendant is afforded reasonable notice consistent with due process. *Wise v. Wise*, 02-574, p. 2 (La.App. 5 Cir. 11/13/02), 833 So.2d 393, 394. The petition must detail the facts and circumstances concerning the alleged abuse. LSA-R.S. 46:2134. By requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant's constitutional due process rights, particularly the right of reasonable notice, will be observed. *Bays*, p. 6, 779 So.2d at 758; *Branstetter v. Purohit*, 06-1435, p. 5 (La.App. 4 Cir. 5/2/07), 958 So.2d 740, 743.

*Lee v. Smith*, 08-455, p. 6 (La.App. 5 Cir. 12/16/08), 4 So.3d 100, 104.

Pursuant to La.R.S. 46:2132(3) "'[d]omestic abuse' includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another." However, "[f]amily arguments that do not rise to the threshold of physical or sexual abuse [or] violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Law." *Culp v. Culp*, 42,239, p. 6 (La.App. 2 Cir. 6/20/07), 960 So.2d 1279, 1282 (citing *Rouyea v. Rouyea*, 00-2613 (La.App. 1 Cir. 3/28/01), 808 So.2d 558; *Harper v. Harper*, 537 So.2d 282 (La.App. 4 Cir. 1988)). *See also Lee*, 4 So.3d 100.

2

A thorough review of the record clearly reveals that Candiace failed to meet the threshold showing of domestic abuse as defined by statute. As noted by the second circuit in *Culp*, 960 So.2d at 1283, the Domestic Abuse Assistance Law "has a limited reach." Moreover, relative to the instant matter, we agree with the reasoning of *Culp* that the statute does not embody claims of "general harassment" nor actions that do not "constitute an offense against a person as defined by the Criminal Code." *Id.*

The evidence adduced in this case was that the Newcomers followed Candiace and her children around town, attended Taylor's basketball games, and drove by the children's school. On occasion, they parked behind Candiace's vehicle in a parking lot, temporarily blocking her in and preventing her from leaving. However, the record is void of any evidence of physical abuse or verbal threats. Though these actions by the Newcomers may violate certain civil and criminal statutes for which there are adequate remedies and sanctions, they do not rise to the level of domestic abuse as defined by La.R.S. 46:2132 and the jurisprudence interpreting same. Accordingly, we find that the record contains insufficient evidence that the Newcomers' actions constituted domestic abuse within the purview of La.R.S. 46:2131–2132; therefore, the trial court abused its discretion[2] in ordering the issuance of an order of protection in this case.

The Newcomers argue in their second assignment of error that "[t]he trial judge erred in failing to recognize that immediate need for protection must be proved for a protective order to issue." While we acknowledge evidence in the record of prior abuse of Candiace, by her own testimony, this occurred approximately four years

---

[2]"An appellate court reviews domestic protective orders for abuse of discretion." *Lee*, 4 So.3d at 106 (citing *Culp*, 960 So.2d 1279).

before she sought the orders of protection at issue in this case.[3] There was insufficient proof of any immediate need for protection warranting the issuance of a protective order. Finally, while we need not address the last assignment of error raised by the Newcomers given our reversal herein, we note that this issue was not raised in the trial court; therefore, it is not properly before this court for its consideration. Uniform Rules—Courts of Appeal, Rule 1–3.

## **DECREE**

For the foregoing reasons, the ruling of the trial court issuing the protective order against Defendants, Jackie Newcomer and Charles Wilbur Newcomer, Jr., is reversed, and the protective order is recalled and vacated. We assess all costs of this appeal to Candiace Newcomer Fontenot.

**REVERSED.**

---

[3]Taylor also testified about some incidents involving his grandparents when he was hit open-handed and scratched; however, he admitted that nothing of the sort had happened recently "because [he had not] been around [them]."

4