NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1279

ANJEANETTE VITAL

VERSUS

CHARLES A. FRANCOIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 83930
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Joslyn Alex
Attorney at Law
227 Rees Street
Breaux Bridge, LA 70517
(337) 332-1170
COUNSEL FOR PLAINTIFF/APPELLEE:
    Anjeanette Vital

**Lucretia Pecantte**
**Attorney at Law**
**P. O. Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Charles A. Francois**

**PICKETT, Judge.**

Father appeals the issuance of a protective order preventing him from having contact with his minor daughter for twelve months. For the following reasons, we affirm.

## FACTS

Anjeanette Vital and Charles A. Francois have two children together. On March 22, 2012, Ms. Vital filed a Petition for Protection in which she alleged that Mr. Francois choked their daughter, Anjeane, while she was at his home and obtained a temporary restraining order (T.R.O.) prohibiting Mr. Francois from abusing, harassing, stalking, following, threatening, contacting, and/or going within one hundred yards of her or her children. After a hearing on June 13, 2012, the trial court issued a Protective Order that continued in force all the limitations contained in the T.R.O. but only with respect to Anjeane.

Mr. Francois appealed the trial court's issuance of the Protective Order. He asserts in his one assignment of error that the trial court erred in issuing the Protective Order.

## DISCUSSION

Protective orders are issued in domestic violence matters pursuant to the Domestic Abuse Assistance Statutes. La.R.S. 46:2131-2143. Such protective orders are reviewed for abuse of discretion. *Fontenot v. Newcomer*, 10-1530, 10-1531 (La.App. 3 Cir. 5/4/11), 63 So.3d 1149; *Francois v. Francois*, 06-712 (La.App. 3 Cir. 11/2/06), 941 So.2d 722.

Domestic abuse is defined to include "but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or

household member against another." La.R.S. 46:2132(3). Therefore, "[f]amily arguments that do not rise to the threshold of physical or sexual abuse [or] violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Law." *Culp v. Culp*, 42,239, p. 6 (La.App. 2 Cir. 6/20/07), 960 So.2d 1279, 1282. *See also, Fontenot*, 63 So.3d 1149.

When Mr. Francois appealed the Protective Order, he designated the appeal record to include the Petition for Protection, the Order of Protection, and the transcript of the hearing. The record before us includes the Petition for Protection, the Protective Order, the T.R.O., and a transcript of the trial court's Reasons for Ruling. The entire hearing was not transcribed as requested by Mr. Francois, and inquiry to the clerk of court revealed that because neither party requested a note of evidence, "the only transcript produced on appeal was the [trial court's] Reasons for Ruling." As a result, our review is limited to the trial court's minutes, Ms. Vital's Petition for Protection, the T.R.O., the Protective Order, and the trial court's Reasons for Ruling.

Citing Louisiana Civil Code Articles 215, 217, and 218, Mr. Francois contends that he had the right to discipline Anjeane in the manner he chose when she "became very belligerent, deviant, non[-]cooperative and very disrespectfully [sic] towards" him. Article 215 provides: "A child, whatever be his age, owes honor and respect to his father and mother," and Article 217 provides: "As long as the child remains under the authority of his father and mother, he is bound to obey them in every thing which is not contrary to good morals and the laws." Lastly, Article 218 provides: "An unemancipated minor can not quit the parental house without the permission of his father and mother, who have the right to correct him, provided it be done in a reasonable manner."

The trial court's Reasons for Ruling show the trial court considered Mr. Francois's parental right to discipline his daughter in light of the facts established during the hearing and concluded that Mr. Francois's discipline was not reasonable but was "something beyond discipline and more in the nature of excessive [and] abusive," which was "beyond the bounds of what the law would expect a parent to do to a child during the disciplinary action."

The trial court's Reasons for Ruling show its conclusion is based on facts proved during the hearing, including: (1) Mr. Francois whipping Anjeane[1] several times with a belt which caused her to fall to the floor and caused bruises on her leg; (2) Mr. Francois grabbing Anjeane by her neck, throwing her to the ground, and continuing to whip her. The trial court specifically concluded that Mr. Francois's discipline went "far beyond the discipline that a parent can legally inflict upon a child."

"[T]he judgment of a trial court is presumed correct, absent any record evidence indicating to the contrary." *Williams v. Williams*, 07-541, p. 7 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234, 1239. Nothing in the record contradicts the evidence cited and relied upon by the trial court in its Reasons for Ruling. Indeed, Mr. Francois does not dispute the validity of the facts upon which the trial court's Reasons for Ruling are based. Accordingly, this court cannot conclude that the trial court abused its discretion in issuing the Protective Order.

---

[1] The Petition for Protection alleges that Mr. Francois was abusive toward their daughter, Anjeane; however, the trial court references "Monica" in its Reasons for Ruling. While neither party asserts the trial court's reference is incorrect, we reference only Anjeane throughout this opinion for the convenience of the reader.

## DISPOSITION

The Protective Order is affirmed. Charles A. Francois is assessed with all costs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.