STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-2

ANGELA MARIE DARBY

VERSUS

STEVEN DUPLECHAIN, III

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 126533
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED.

Brenda Sinille Piccione
James Kirk Piccione
Piccione & Piccione
P. O. Box 3029
Lafayette, LA 70502
(337) 233-9030
COUNSEL FOR DEFENDANT-APPELLANT:
    Steven Duplechain, III

Myles J. Johnson
Attorney at Law
10105 NE 125th Drive #4
Kirkland, WA 98034
(206) 450-6971
COUNSEL FOR PLAINTIFF-APPELLEE:
    Angela Marie Darby

**PICKETT, Judge.**

Steven Duplechain, III appeals the trial court's issuance of a protective order prohibiting Mr. Duplechain from contact with Angela Marie Darby based on her allegations of abuse.

## FACTS

Mr. Duplechain and Ms. Darby ended their amorous relationship in June 2015. On June 30, 2015, Ms. Darby filed a Petition for Protection from Abuse on behalf of herself and her two minor children. The petition alleges Mr. Duplechain choked Ms. Darby, shoved Ms. Darby, and threatened her life. The trial court issued a temporary restraining order (TRO) on July 1, 2015, and set a hearing before a hearing officer ordering Mr. Duplechain to show cause on July 22, 2015, why the restraining order should not be converted to a protective order. After the July 22 hearing, the trial court issued a second TRO and set a second hearing on the issuance of a protective order for August 27, 2015.

On August 27, the parties appeared before a hearing officer, who recommended that the trial court issue a protective order. There is no record of that appearance. Mr. Duplechain sought a hearing before the trial court to contest the recommendation of the hearing officer. After an in-chambers, off-the-record meeting with the parties and the trial court, Mr. Duplechain sought a continuance in open court. The trial court denied the continuance. Mr. Duplechain then sought a full hearing before the trial court. The trial court denied a hearing and granted the protective order as recommended by the hearing officer. Mr. Duplechain now appeals.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Dulpechain asserts two assignments of error:

1.  The trial court abused its discretion in granting a protective order without a hearing.

2.  The trial court abused its discretion in failing to grant a continuance.

## DISCUSSION

Ms. Darby sought a protective order pursuant to La.R.S. 46:2131-2143. The trial court may issue a protective order if it has jurisdiction over the parties, and the parties either enter into a consent agreement or "[r]easonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process." La.R.S. 46:2136(B)(2).

A court of appeal reviews the issuance of domestic abuse protective orders for abuse of the trial court's discretion. *Fontenot v. Newcomer*, 10-1530, 10-1531 (La.App. 3 Cir. 5/4/11), 63 So.3d 1149. "Procedural due process requires that a person be given a *meaningful* opportunity to be heard." *Bays v. Bays*, 00-1727, p. 6 (La. 2/21/01), 779 So.2d 754, 758. The record before us is devoid of any evidence that Mr. Duplechain had an opportunity to be heard before a protective order was issued against him. There is no evidence in the record for us to review to determine if the trial court abused its discretion in granting the protective order. We must, therefore, reverse the judgment of the trial court issuing a protective order against Mr. Duplechain. The case is remanded for the trial court to allow Mr. Duplechain a reasonable opportunity to be heard.

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.  Costs of this appeal are assessed to Ms. Darby.

**REVERSED AND REMANDED.**