LANIER, J.
This is an appeal from a judgment granting plaintiff's request for a protective order pursuant to the Domestic Abuse Assistance Statute, La. R.S. 46:2131, et seq. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The parties, Jodie Acosta Pellarano and Francisco Juan Pellerano, Jr., were married in June 2006. During their marriage, three children were born, N.P. (DOB 1/21/09), J.P. (DOB 12/16/10), and L.P. (DOB 12/3/12)[1] . Jodie filed for divorce in June 2012. On June 26, 2012, Jodie filed a petition for protection from abuse against Francisco and received a temporary restraining order ("TRO") for herself and the children effective through July 31, 2012. A final judgment of divorce was signed on August 22, 2013.
On September 30, 2016, Jodie filed another petition for protection from abuse *949 against Francisco, concerning events that transpired during a September 29, 2016 exchange of the children. The trial court granted a TRO in favor of Jodie and the children that remained in effect until a hearing that was held on November 9, 2016.
At the hearing on November 9, 2016, the trial court heard testimony from several witnesses before granting a protective order, for Jodie only, with an expiration date of May 18, 2018. The November 9, 2016 protective order was issued in the form of a "Louisiana Uniform Abuse Prevention Order." Francisco was ordered to enroll in a court approved Batterer's Intervention Program within 30 days. The trial court also granted temporary custody of the two minor children to Jodie, with unsupervised visitation to Francisco on alternating weekends. On December 27, 2016, the trial court issued written reasons for its judgment.
This appeal by Francisco followed. Thereafter, this court issued a show cause order concerning whether the November 9, 2016 protective order contained the necessary decretal language and whether it was final and appealable. The matter was remanded for the limited purpose of allowing the trial court to sign a judgment that addressed these apparent defects. In response, the trial court issued a per curiam on March 24, 2017, providing, in pertinent part, as follows:
The Court declines to designate the Order of Protection issued November 9, 2016 as a final judgment pursuant to La. C.C.P. art. 1915(B). That Order of Protection did not dispose of all of the claims and issues in the case. Two Judgments were rendered subsequent to the November 9, 2016 Order of Protection changing the terms of custody that were contained in the Protective Order. An Amended Order of Protection was issued March 24, 2017 which replaces the November 9, 2016 Order.
Thereafter, another panel of this court issued an action maintaining the appeal, but reserved a final determination on whether to maintain the appeal to the merits panel. Pellerano v. Pellerano, 2017-0302 (La. App. 1 Cir. 7/7/17) (unpublished action).
We note that Louisiana law mandates the use of a uniform form for the issuance of any TRO or protective order, called the "Louisiana Uniform Abuse Prevention Order." See La. R.S. 46:2136.2(C). The trial court checks off a box provided on the uniform form to indicate under which law it issues the TRO and/or protective order: (1) La. R.S. 46:2131, et seq. (Domestic Abuse); (2) La. R.S. 46:2151 (Dating Violence); (3) La. R.S. 46:2171, et seq. (Non-intimate stalking); (4) La. R.S. 2181, et seq. (Non-intimate sexual assault); (5) La. Ch.C. art. 1564, et seq. (Children's Code Domestic Abuse); or, (6) a court approved consent agreement. Scott v. Hogan, 2017-1716 (La. App. 1 Cir. 7/18/18), 255 So.3d 24, 31.
We have reviewed the November 9, 2016 protective order and find that it clearly identifies the parties, is legible, and delineates the precise actions being taken. Moreover, we find that the order of protection is appealable as a matter of right. See La. Code Civ. P. arts. 2083(C), 3612 ; La. R.S. 46:2136(F)(1). Accordingly, we recall the previously issued show cause order and maintain the instant appeal.
ANALYSIS
On appeal, Francisco argues the trial court abused its discretion in issuing the November 9, 2016 protective order against him because the acts alleged to have been committed by him on September 29, 2016, are not within the scope of the Domestic Abuse Assistance Statute and posed no real or immediate threat of harm to Jodie *950 or the minor children. Jodie responds, noting the evidence supports the trial court's finding that Francisco committed a crime in the presence of the minor children on September 29, 2016, and his actions fall within the scope of the Domestic Abuse Assistance Statute.
Louisiana Revised Statutes 46:2131, et seq. , provides protection in the form of TROs and protective orders for persons subject to domestic abuse. Domestic abuse "includes but is not limited to physical or sexual abuse and any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family member, household member, or dating partner against another." La. R.S. 46:2132(3). A trial court's decision to issue or deny a protective order is reversible only upon a showing of an abuse of discretion. Rouyea v. Rouyea, 2000-2613 (La. App. 1 Cir. 3/28/01), 808 So.2d 558, 561. Additionally, the trial court sitting as a trier of fact is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error. James v. Warren, 2017-0757 (La. App. 1 Cir. 12/21/17), 240 So.3d 967, 969.
During the hearing on November 9, 2016, the trial court heard testimony concerning the September 2016 incident in question. After considering all of the evidence before it, including partial video recordings of the incident made by both Francisco's mother and Jodie, the trial court found there was sufficient evidence to warrant a protective order in favor of Jodie and against Francisco, offering the following written reasons for judgment:
The testimony showed that during and after the parties' marriage, [Francisco] physically and verbally abused [Jodie]. [Jodie] testified that throughout the marriage [Francisco] broke household items out of anger. A neighbor called the police on or about August 9, 2006, because [Francisco] had slapped and punched [Jodie] in the face. [Francisco] was arrested for two counts of domestic abuse battery and false imprisonment, and was later convicted of simple battery. Further, throughout the marriage, [Jodie] testified that [Francisco] broke several items in the marital home, including a lap top, video camera, glasses, and television screen. Several of said incidents occurred in the presence of the parties' minor children.
The incident, which brought this matter before the Court on November 9, 2016, occurred in September 2016. The parties agreed to meet at a salon at Towne Center to exchange the children. After a verbal disagreement, [Francisco] and his mother stood behind [Jodie's] vehicle in a public parking lot and blocked her from leaving in her vehicle. During most of this time [Francisco's] mother was videoing the parties. [Jodie] testified that she was trapped there for approximately 45 minutes. At one point [Jodie] put her car into reverse while [Francisco] and his mother were standing behind the vehicle. As a result, and instead of moving out from behind the vehicle, [Francisco] called the police, alleging that [Jodie] tried to run over him and his mother. The police came to the scene; [Jodie] was questioned by the police, but ultimately, no arrest or further action by the police was taken.
Both [Francisco's] mother and [Jodie] video recorded some of the incident. [Jodie's] video recording was played in court. [Francisco] and his mother can clearly be seen standing behind [Jodie's] vehicle, preventing [Jodie] from leaving the parking lot. The parties' minor children *951 and [Jodie's] minor daughter were present.
[Francisco] testified that [Jodie] called him an idiot and that he thought she was going to attack him. He stated that he was talking to his mother and she started backing out making him realize he needed to "call the cops". The Court cannot understand why, had [Francisco] felt threatened by [Jodie], he would not have simply moved from the back of her vehicle so that she could leave. Instead he elected to trap her there, imprisoning her with no way to leave in her vehicle.
[Francisco's] girlfriend, Haley Baker, testified that she felt that [Jodie] could have maneuvered out of the parking spot even with [Francisco] and his mother behind the car. The video, together with the court's knowledge of the location, lead the court to the conclusion that this assertion is ludicrous and that any such maneuverer would have been not only dangerous, but illegal.
[Jodie] also testified that [Francisco] had a relationship with a woman named Nicole Dellatte who, in the past, also filed a Petition for Protection from Abuse against [Francisco]. Additionally she testified that another of his girlfriends, Emily Broussard, alleged that he through [sic] a brick through her car window, and the police showed up at his home to arrest him while he had the custody of the children.
Based on the history of domestic violence, specifically the incident that occurred in September 2016, perpetrated by [Francisco] against [Jodie], this Court issued a Protective Order, effective through May 18, 2018, against the defendant, [Francisco], and in favor of the Plaintiff, [Jodie]. [Francisco] has a history of family violence and was clearly preventing her from leaving while arguing with her.
In reviewing this matter, we find the trial court very closely and carefully considered all of the evidence presented. Likewise, we have thoroughly reviewed the evidence and find that record does not demonstrate that the trial court's factual findings were manifestly erroneous. We conclude that the evidence in the record supports the trial court's finding that Francisco was "imprisoning" Jodie and prevented her and the children from leaving the parking lot for approximately forty-five minutes. See La. R.S. 14:46 (false imprisonment). Not only is the evidence overwhelmingly in support of the trial court's conclusion, but the trial court's reasonable evaluations of credibility and reasonable inferences of fact must be afforded great deference. Accordingly, we find no abuse of discretion by the trial court in granting the November 9, 2016 protective order.
DECREE
For the above and foregoing reasons, we affirm the November 9, 2016 protective order issued by the trial court and, pursuant to La. R.S. 46:2136.1(A), assess appeal costs against Francisco Juan Pellerano, Jr.
RULE TO SHOW CAUSE RECALLED AND APPEAL MAINTAINED; AFFIRMED.

According to the record, L.P. passed away shortly after he was born.