# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-72

**MIKIE LAUNEY**

**VERSUS**

**SPENCER LAUNEY**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 2019-6862-A
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE
\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John E. Conery and D. Kent Savoie, Judges.

**AFFIRMED.**

**Rodney M. Rabalais**
**122 East Mark Street**
**P.O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     Mikie C. Launey

**Jacob B. Fusilier**
**Fusilier & Associates, LLC**
**P.O. Box 528**
**Ville Platte, LA 70586**
**(337) 363-6661**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     Spencer D. Launey

**COOKS, Judge.**

In July of 2016, appellant, Dr. Spencer D. Launey, decided to leave his wife, Mikie Launey. They had two minor children together, ages five and two at the time of the separation. Spencer moved to Evangeline Parish and later filed for divorce in the Thirteenth Judicial District Court. Mikie remained domiciled in Avoyelles Parish.

Within days of Spencer leaving the home and declaring his intention to file for divorce, Mikie filed a Title 46 petition, alleging Spencer committed domestic abuse against her. Spencer maintained the battery charges were without merit and were eventually withdrawn. Mikie later asserted she withdrew the petition because she was a stay-at-home mother and was concerned if Spencer lost his license to practice as a result of the battery charges, she and the children would be without financial support. During this same period, Spencer noted Mikie threatened to commit suicide in a text message she sent to his phone.

Due to the suicide threat, the district court handling the divorce proceedings granted Spencer temporary custody of the minor children. The parties agreed to an interim order whereby the children primarily resided in Spencer's home in Evangeline Parish, with Spencer having the children for fourteen days, and then with visitation with Mikie in Avoyelles Parish for five days.

The incident which led to this appeal occurred on June 13, 2019. On that date, the children were supposed to be returned to Spencer after their visitation period with Mikie. It was maintained by Mikie that the parties had agreed that the children would remain with her to attend the Bunkie Corn Festival. Spencer denied any such agreement was ever made. Mikie refused to give up the children on that date and stopped communicating with Spencer. Admittedly frustrated, Spencer, accompanied by his mother, drove to Mikie's house seeking to pick up his children.

After knocking on the door, a verbal confrontation ensued during which the parties argued over whether the children would be leaving with Spencer. While at the carport entrance to the house, Spencer attempted to push open the door to enter the house despite Mikie's demands he not do so. At some point during the confrontation, the children came into the hallway and were then taken by Spencer back to his home in Evangeline Parish.

On June 14, 2019, Mikie filed a Petition for Protective Order and asked for relief under La.R.S. 46:2131 contending that Spencer committed a battery against her and an act of home invasion by forcefully entering the home. The trial court issued a TRO and scheduled the matter for trial. The trial was held on July 11, 2019. In oral reasons, the trial court concluded that a battery occurred but not a home invasion. The trial court gave the following oral reasons for its ruling[1]:

> These particular – what happened in this case is the father drives from out of Avoyelles parish into Avoyelles parish with his mother, with a plan to get [his] children with a lawyer working on paperwork to get the matter resolved in the legal world. That's the appropriate way to handle these situations. None of us can take the law in our own hands. I cannot justify or understand how Dr. Launay can think for one second that because he's angry because he's been cheated out of his time and I do believe he was cheated and I do believe the mother set the incident up and triggered everything to happen. But it was a very foolish thing to go to the mother's house in Bunkie without her permission and number one, I don't think that the domestic abuse act applies to the acts of trespass. Because those are offenses against property. I do believe that this record when I look at the film and I consider all of the testimony as a whole that there is evidence in the record that shows simple battery by – I want you all to understand what simple battery is as defined by the law. Louisiana Revised Statute 14:33 battery defined, battery is the intentional use of force or violence upon the person of another. The backdoor of that house on the day in question the evidence supports that Dr. Launay used force in forcing the door open against the repeated demands by Mrs. Launay not to come in, leave, this is my house, get away. That door went back and forth. I do think that a number of illegal actions occurred that day, both parties, as I indicated to you earlier. I cannot correct or do anything about any violations by Mrs. Launay today because there's no filing to do that before this court.

---

[1] In the transcript of the trial court's oral reasons for judgment, the spelling of the parties' last name was incorrectly done as "Launay" rather than "Launey."

I do believe and will make this finding that Dr. Launay the evidence does not support that Dr. Launay is guilty or would be guilty under the evidence presented of a home invasion defined under 14:62.8 as the unauthorized entering of any inhabited dwelling or the structure belonging to another and used in whole or in part as a home or place of abode by a person where a person's present with the intent to use force or violence upon the person of another. I don't think that was his intent was to go to the home to use force. Truth and fact I believe he went because he was wrongfully deprived of his children. I don't think that there was an agreement that day that the mother was supposed to keep the children and I do believe when you look at the evidence as a whole the mother intended to keep those children through Father's Day that Sunday, that's what came out in the record. Which just it breaks my heart because mama and daddy need to work on their relationship not because they care about each other but because you have an obligation to your children, because of your parenting responsibilities.

This case is one of the worst and poorest cases of parenting that I have seen in this court in a long time.

. . . .

Based upon the testimony here today, I make absolute the rule request for a protective order under Title 46 against Dr. Launay and in favor of Mikie Launay prohibiting Dr. Launay from and I'm going to go through the form that is provided by the supreme court.

I'm going to issue the order for a period of one year. It's to be [effective] through 11:59 on July 11, 2020. It can be extended for good cause shown by application to this court.

In accordance with the oral reasons, a judgment was rendered that day finding Spencer's actions on June 13, 2019 were sufficient to require a Protection from Abuse Order under La.R.S. 46:2131, et seq. Spencer has appealed, and asserts the following assignment of error:

1. The Trial Court abused its discretion by granting [Mikie's] Motion for an Order of Protection despite finding [Spencer] clearly did not intend to commit a crime but only to retrieve his children who were being illegally and wrongly withheld from him.

**ANALYSIS**

A trial court's determination granting or denying a protective order will not be reversed on appeal absent an abuse of discretion. *Mitchell v. Marshall*, 02-15 (La.App. 3 Cir. 5/1/02), 819 So.2d 359; *Pellerano v. Pellerano*, 17-302 (La.App. 1 Cir. 4/12/19), 275 So.3d 947, *writ denied*, 19-756 (La. 9/17/19), 279 So.3d 379.

3

Thus, in order to reverse a protective order, the appellate court must review the record in its entirety and conclude that a reasonable factual basis does not exist for the finding and the factfinder is clearly wrong or manifestly erroneous. *State in the Interest of C.D.*, 18-834 (La.App. 4 Cir. 12/19/18), 262 So.3d 929, *writ denied*, 19-120 (La. 3/6/19), 266 So.3d 903.

This court in *Fontenot v. Newcomer*, 10-1530, p. 2 (La.App. 3 Cir. 5/4/11), 63 So.3d 1149, 1151, quoting *Lee v. Smith*, 08-455, p. 6 (La.App. 5 Cir. 12/16/08), 4 So.3d 100, 104, discussed the purpose and procedural requirements under La.R.S. 46:2131, et seq:

> The purpose behind the entire legislative scheme in Louisiana Revised Statutes 46:2131, et seq., is to provide relief to victims of domestic violence by establishing "a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection." LSA-R.S. 46:2131; *Bays v. Bays*, 00-1727, p. 5 (La.2/21/01), 779 So.2d 754, 758. LSA-R.S. 46:2136 permits a court to grant a protective order to prevent the possibility of family violence, provided a petition is filed requesting the order and the defendant is afforded reasonable notice consistent with due process. *Wise v. Wise*, 02-574, p. 2 (La.App. 5 Cir. 11/13/02), 833 So.2d 393, 394. The petition must detail the facts and circumstances concerning the alleged abuse. LSA-R.S. 46:2134. By requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant's constitutional due process rights, particularly the right of reasonable notice, will be observed. *Bays*, p. 6, 779 So.2d at 758; *Branstetter v. Purohit*, 06-1435, p. 5 (La.App. 4 Cir. 5/2/07), 958 So.2d 740, 743.

Pursuant to La.R.S. 46:2135(B), the allegations of abuse entitling a person to a protective order must be established by a preponderance of the evidence. Under La.R.S. 46:2132(3), "'[d]omestic abuse' includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family, household member, or dating partner against another." Spencer does note that "family arguments" that do not rise to the threshold of physical or sexual abuse violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Law. See *Fontenot*, 63 So.3d 1149; *Culp v. Culp*, 42,239 (La.App. 2 Cir. 6/20/07),

4

960 So.2d 1279; *Rouyea v. Rouyea*, 00-2613 (La.App. 1 Cir. 3/28/01), 808 So.2d 558.

Spencer argues the trial court erred in granting the Order of Protection, particularly in light of its finding that Spencer "clearly did not intend to commit a crime, but only to retrieve his children." Moreover, Spencer maintains he "did not physically abuse the Appellee nor did his actions in the underlying event rise to the level of a crime in violation of the Louisiana Criminal Code." Thus, pursuant to La.R.S. 42:2131, et seq., there was not enough evidence in the record to support the required elements necessary for the issuance of a protective order.

Spencer notes the trial court plainly stated that Spencer's intent in going to Mikie's house was to retrieve his children, who he believed were being wrongfully detained by Mikie in violation of the visitation orders. He maintains since there was no intent on his part to commit violence and the definition of the crime of simple battery requires "the use of force or violence," there could not have been a simple battery. Spencer, instead, argues he and Mikie were only having a "family argument" over custodial time with their children.

A battery is the intentional use of force or violence upon the person of another. La.R.S. 14:33. A simple battery is a battery committed without the consent of the victim. La.R.S. 14:35. Simple battery is a general intent offense. *State v. Lee*, 01-2082 (La.App. 4 Cir. 8/21/02), 826 So.2d 616, *writ denied*, 02-2549 (La. 9/5/03), 852 So.2d 1019. "In general intent crimes, criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal. *State v. Howard*, 94-23 (La. 6/3/94), 638 So.2d 216." *State v. Bourque*, 09-1092, p. 7 (La.4/7/10), 33 So.3d 1092, 1097, *writ denied*, 10-1602 (La.12/10/10), 51 So.3d 722.

Thus, it becomes clear, it is irrelevant whether Spencer only intended to retrieve his children and had no specific intent to commit a crime when he drove to

Mikie's house. Simple battery is a general intent offense, and it is enough for purposes of that statute that Spencer, at the moment he did so, intended to use force upon Mikie to enter the home. The trial court specifically found "Dr. Launay used force in forcing the door open against the repeated demands by Mrs. Launay not to come in, leave, this is my house, get away." The record substantiates this finding. The video introduced at trial supports the trial court's findings, as does Mikie's testimony. The video offers clear evidence that Mikie demanded Spencer leave her property on numerous occasions. As opposed to leaving the property, Spencer used physical force to enter Mikie's home and retrieve his children. Spencer did not testify, citing his Fifth Amendment right against self-incrimination.

After a thorough review of the record, we find the trial court did not err in finding a simple battery in this case was committed, justifying the issuance of the protective order pursuant to La.R.S. 46:2131, et seq. Therefore, we affirm the judgment of the trial court. All costs are assessed against appellant, Dr. Spencer D. Launey.

**AFFIRMED.**