1?KUHN, J.
This appeal involves a workers’ compensation claim. The record contains two rulings which address the same issues but contain different and conflicting provisions. Both were signed by Edgar K. Corey of the Office of Workers’ Compensation (“OWC”), who presided over the October 21, 1997 hearing in this matter. One of the rulings was signed on January 27, 1998. The other ruling does not indicate the date on which it was signed.[1] Thus, we can not determine which of these rulings is controlling. Accordingly, we remand this matter to the OWC with directions that a hearing be held to determine which ruling was signed first.
I. FACTS AND PROCEDURAL BACKGROUND
Claimant, Michael W. Strawn, filed a disputed claim for compensation asserting that he was unable to perform his regular work duties for defendant, Superfresh, due to a work-related accident which occurred on February 21, 1996. Strawn claimed the accident caused a herniation of his L5-S1 disc resulting in lower back pain. He contends the back pain eventually disabled him from performing his duties as co-manager of the store, which involved a considerable amount of lifting and bending. Although Strawn’s treating physicians eventually recommended a return to light-duty work with the restriction of avoiding heavy lifting and repetitive bending, Strawn had not returned to work as of October 21, 1997, the date of the OWC hearing. According to Strawn, Superfresh would not allow him to return to work unless he was able to perform his regular work duties.
On the day of the hearing in this matter, Corey orally rendered a decision in open court. He found there was a causal connection between the February 21, 1996 accident and ^claimant’s disability, and claimant had established he was entitled to recover supplemental earning benefits. Based on claimant’s medical condition, Corey concluded that he would need physical therapy and “perhaps voc-rehab training.” He further concluded claimant had not established he was entitled to recover attorney’s fees or penalties. At the end of the hearing, Corey directed claimant’s counsel to “draw the judgement, submit it to counsel and send it over here and I will sign it.”
As represented in her appellate brief, claimant’s counsel drafted a ruling and sent it to the OWC and opposing counsel on November 11, 1997. She states that opposing counsel rejected the language of the ruling which she had drafted and prepared another ruling. This ruling allegedly drafted by Superfresh bears a *688 file date stamp of January 14, 1998, and was signed by Corey on January 27, 1998.[2]
At some point, the ruling drafted by claimant’s counsel was also signed by Corey. However, Corey did not designate the date on which he signed the ruling, and the record does not otherwise establish this date. This ruling merely states it was “read and rendered this 21st day of October, 1997.” The record does not establish whether this ruling was |4signed before or after January 27, 1998.[3] A notice of judgment was sent to counsel on March 25, 1998. The ruling attached to this notice was apparently the ruling which does not reference the date upon which it was signed.
The January 27, 1998 ruling awards Strawn supplemental earnings benefits in the amount of 66%% of his average weekly wage of $425.00 per week and denies Strawn’s claim for penalties and attorney’s fees. The other ruling, which does not reference the date on which it was signed: (1) awards supplemental earnings benefits in the amount of “66 2/3% of the average monthly salary [Strawn] was making at the time he last worked for Superfresh, which amount is four and three tenths times $475.02 ..(2) orders that claimant is entitled to: (a) physical therapy and vocational rehabilitation, (b) payment of past medical bills and medical' expenses incurred in the future which are related to his injury, and (c) recover all costs of the proceeding; and (3) specifically provides that no penalties or attorney’s fees are awarded. ■
Superfresh has appealed urging this court to conduct a de novo review as a result of the contradictory rulings and contending the OWC erred in finding a causal relationship between claimant’s back condition and any on-the-job accident. Claimant answered Superfresh’s appeal, contending that the OWC’s ruling should be modified to include an award of penalties and attorney’s fees for Superfresh’s arbitrary and capricious conduct in denying benefits and an award of attorney’s fees and costs for Superfresh’s frivolous appeal. Claimant has separately appealed, assigning error to the OWC’s denial of penalties and attorney’s fees.
|,,11. ANALYSIS
La. C.C.P. art.1951 provides that a final judgment may be amended by the *689 trial court at any time to alter the phraseology of the judgment or to correct errors of calculation, but not to alter the substance of the judgment.
In the present case, the two rulings of the OWC are different in substance. Thus, the ruling which was signed second clearly constituted a substantive alteration of the original ruling in contravention of La. C.C.P. art.1951. Thus, it is a nullity. Pommier v. ABC Ins. Co., 97-1342, p. 17 (La.App. 3d Cir.7/15/98), 715 So.2d 1270, 1280-1281, writs denied, 98-2439, 98-2455, 98-2456 (La.11/20/98), 729 So.2d 559, 562. Since we are unable to determine which of the two rulings was signed first by Corey, we cannot determine which ruling is valid and which ruling is null. Thus, we remand this matter to the OWC for a contradictory hearing to determine which ruling was signed first.[4]
III. CONCLUSION
For the above reasons, this matter is remanded to the OWC for the limited purpose of holding a contradictory hearing to determine which ruling was signed first.. We retain jurisdiction and direct the OWC to cause the appellate record to be re-lodged with this court after appropriate supplementation within thirty days of its decision.
Claimant’s motion to strike and motion to supplement the appeal record are denied.
Assessment of costs is to await final determination of this matter.
MATTER REMANDED; MOTION TO STRIKE DENIED; AND MOTION TO SUPPLEMENT APPEAL RECORD DENIED.

. This ruling states it was "read and rendered this 21st day of October, 1997 at Baton Rouge, Louisiana.” However counsel for claimant states in her appellate brief that the ruling in question was not drafted and mailed to the OWC and opposing counsel until November 11, 1997. Thus, there is no contention that the ruling was actually signed on the day it was rendered in open court.

. On September 9, 1998, an OWC order was signed, which ordered that "the record in this matter filed with the First Circuit Court of Appeal ... be supplemented with the Judgment signed in this matter on January 27, 1998, and with a copy of the transcript of the trial held in this matter on October 21, 1997.” On November 16, 1998, counsel for claimant filed a motion to strike the January 27, 1998 judgment from the appellate record and all references to it by counsel for Superfresh on the basis that the OWC did not have jurisdiction to supplement the record. We find the OWC had jurisdiction to correct an omission of the trial record pursuant to La. C.C.P. arts. 2088(4) and 2132. Claimant’s motion to strike is denied.
Claimant also filed a motion to supplement the appeal record with evidence pertaining to events which developed after the hearing in this matter. He contends the evidence is germane to whether Superfresh is operating in good faith. Claimant asserts that while Su-perfresh maintains he was not injured, it has evidence that he has had surgery, has recuperated, and has requested a return to work, but Superfresh has ignored his requests. The material that claimant wishes to have added to the record is not the supplementary material envisioned by La. C.C.P. articles 2088 or 2132, which authorize supplementation of the record by stipulation of the parties, by the trial court or by order of the appellate court. These articles permit the correction of evidence or the furnishing of omitted evidence which was actually introduced or filed into the trial court record. In re Investigation of Smith, 546 So.2d 561, 562 n. 2 (La.App. 1st Cir.), writ denied, 550 So.2d 636 (La.1989); Jackson v. Wal Mart Properties, Inc., 443 So.2d 3, 4 (La.App. 3d Cir.1983). This court can neither supplement the record nor consider documents on appeal which were not introduced or filed into the record during the proceedings below. White v. West Carroll Hospital, Inc., 613 So.2d 150, 154 (La.1992). Accordingly, claimant's motion to supplement the appeal record is denied.

. However, we note that in claimant’s "Answer to Appeal and Petition and Order for Appeal," claimant’s counsel refers to a judgment signed on March 25, 1998.

. Article 2164 of the Louisiana Code of Civil Procedure provides that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” Pursuant to this article, the court may remand a case when the interests of justice are served. Cryer v. Cryer, 96-2741, p. 9 (La.App. 1st Cir.12/29/97), 706 So.2d 167, 172.