910 So.2d 443 (2005)
Dawn Harrison RUIZ
v.
Brendan RUIZ.
No. 05-CA-175.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 2005.
*444 Terri M. Miles, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On July 8, 2004, Dawn Ruiz filed a Petition for Protection from Abuse pursuant to La. R.S. 46:2131 naming as defendant her husband, Brendan Ruiz. This matter was set for hearing on August 3, 2004. On July 14, 2004, Brendan Ruiz filed a petition for divorce based on La. C.C. art. 102. On the same day, Dawn Ruiz filed a petition for divorce pursuant to article 102 and under the provisions of the Domestic Abuse Assistance Act, La. R.S. 46:2131. By this petition, Ms. Ruiz also sought injunctive relief, habitory use and determination of other incidental matters. These matters were set for hearing on September 21, 2004.
The Petition for Protection for Abuse brought by Mrs. Ruiz was heard by the domestic commissioner on August 3, 2004. Following this hearing, the commissioner entered a judgment of dismissal for failure of petitioner to prove by the appropriate standards the allegations contained in her petition. Mrs. Ruiz filed an objection to the order of the domestic commissioner, and this matter was set for an evidentiary hearing in the district court on October 26, 2004.
On September 21, 2004, the domestic commissioner entered an interim order of child support and spousal support, and Mr. Ruiz filed an objection to this order. This matter was also set for hearing on October 26, 2004.
The objections to the interim orders of the commissioner were heard in the district court on November 12, 2004. On December 2, 2004, the district court entered an order vacating the interim order of August 3, 2004 granting an involuntary dismissal of the Petition for Protection from Abuse. This judgment also included a protective order against Mr. Ruiz. The court stated in its reasons that it found acts of abuse described at the hearing to be credible. The court further adopted the interim order of September 21, 2004 establishing interim spousal support and child support. The court stated in its reasons that it found that Mr. Ruiz evidenced an intention to evade the support required of him under state law.
Brendan Ruiz now appeals from this judgment on the basis that the trial court erred in finding his actions constituted domestic abuse as defined by La. R.S. 46:2132(3). He further argues that his actions were provoked by his wife and that they did not result in serious bodily injury. Thus, appellant contends the trial court erred in finding that the petition for domestic abuse filed by his wife was supported by the evidence. Appellant does *445 not challenge the trial court's judgment insofar as it adopts the commissioner's setting of spousal and child support.
Under the Domestic Abuse Assistance Statute, La. R.S. 46:2131, et seq., upon good cause shown in an ex parte proceeding, the court may issue a TRO to protect a person who shows immediate and present danger of abuse. La. R.S. 46:2135(A). If the TRO is granted without notice, the matter shall be set for a hearing within twenty days, at which time, cause must be shown why a protective order should not be issued. At the hearing, the petitioner must prove the allegations of abuse by a preponderance of the evidence. La. R.S. 46:2135(B).
Pursuant to La. R.S. 46:2135(B), Mrs. Ruiz had the burden of proving the allegations of abuse against Mr. Ruiz by a preponderance of the evidence. "Domestic abuse" is defined in the Domestic Abuse Assistance statute as including, but not limited to, "physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another." La. R.S. 46:2132(3).
Appellant contends that the record fails to contain evidence sufficient to support the findings of the trial court and the protective order issued pursuant to the Domestic Abuse Assistance statute. Appellant contends that the act described by Ms. Ruiz was an isolated incident, that it was provoked by physical abuse inflicted by Mrs. Ruiz, and that the action did not result in serious bodily injury. Further, appellant contends that the credibility determinations of the trial court were manifestly erroneous.
In cases decided pursuant to the Domestic Abuse Assistance statute, a trial court's order is reversible only upon a showing of an abuse of discretion. Rouyea v. Rouyea, 00-2613 (La.App. 1 Cir. 3/28/01), 808 So.2d 558, 561. Further, the trial court sitting as the trier of fact is in the best position to evaluate the demeanor of the witnesses and its credibility determinations will not be disturbed by this Court absent manifest error.
In the present case, the record contains the testimony of Dawn Ruiz, who stated that on July 1, 2004, Brendan Ruiz threatened to shoot and kill her with a gun. Mr. Ruiz made this threat while he was on the phone with his father, and in the presence of one of Mrs. Ruiz's friends. Mrs. Ruiz stated that there was a gun in the house and that she was "deathly afraid" that Mr. Ruiz would kill her. She also testified that on that date, Mr. Ruiz threw her six year old son over a coffee table causing the child's head to hit the floor. He also punched the wall while he was holding and squeezing the couple's three month old daughter.
When asked about allegations of abuse that occurred in the past, Mrs. Ruiz described an incident which occurred in April of 2004 while she was in the hospital after delivering the couple's daughter by Caesarean section. She stated that she asked Mr. Ruiz to assist her in getting out of the bed and he became angry and grabbed her face and shook her. Mrs. Ruiz pushed him away, and Mr. Ruiz "back slapped" her across her head. Mrs. Ruiz admitted that she had a conviction for disturbing the peace that she received while she was with her husband, but she denied that she had a history of violence.
In his trial testimony, Mr. Ruiz agreed that there was violence between the couple in the hospital in April of 2004, but he stated that Mrs. Ruiz slapped him in the face when he attempted to help her get out of bed. He admitted that he "tapped" her in the back of the head. With regard to *446 the incident on July 1, 2004, Mr. Ruiz stated that he stood in front of the door to prevent Mrs. Ruiz from leaving the house with their infant daughter, but that he did not cause any physical harm to his wife on that date. He stated that Mrs. Ruiz's six year old son fell while they were playing together.
The deposition of Brendan Ruiz's father was also admitted at trial. In this deposition, Robert Ruiz stated he was on the phone with Brendan on July 1, 2004 and Brendan was angry because Dawn Ruiz was attempting to leave the house with their child. According to Robert Ruiz, Brendan told his father on that date that he was so angry with his wife and her friends that he wanted to "take them out."
In his oral reasons for judgment, the trial court stated as follows:
I make the credibility determinations as follows: I find no weight to Mr. Ruiz's testimony concerning the allegations of domestic abuse, and I find Mrs. Ruiz's testimony to be compelling and to be truthful. You don't threaten to shoot somebody and get away with it in this court. You don't strike someone when they're in the hospital and except [sic] to get away with it in this court.
In making this credibility determination, the trial court concluded that the evidence was sufficient to find that Brendan Ruiz was in violation of the Domestic Abuse Assistance statute, and the trial court entered a limited protective order as a result of this finding. Although appellant points out inconsistencies in the testimony of Dawn Ruiz regarding the sequence of events and her past history, the trial court listened to all of the testimony and was in the best position to evaluate the credibility of the witnesses. The trial court apparently rejected appellant's claim that the violent episodes were provoked by his wife.
Appellant contends that the trial court erred in failing to consider the deposition testimony of his father. The deposition testimony of Robert Ruiz regarding the July 1, 2004 incident includes different terminology from that described by Dawn Ruiz, but nevertheless indicates a statement made by Brendan regarding his desire to injure his wife. The trial court did not err in failing to rely on this deposition testimony. Finally, the record in this matter does not indicate as appellant suggests that the trial court was confused about the domestic commissioner's finding or about Brendan's intention to pay support. The transcript of the proceedings shows that the trial court was surprised at the commissioner's ruling dismissing the petition and further shows that Brendan Ruiz was in arrears on his support payments.
We have read the entire record in this matter, including the transcript of the hearing before the trial court, the transcripts of the hearings before the domestic commission and the exhibits admitted into evidence, and we find that the trial court's credibility determinations are well supported. Pursuant to the definition contained in La. R.S. 46:2132(3), we find that the actions of Brendan Ruiz in April of 2004 and on July 1, 2004 constitute physical abuse within the meaning of this statute. Although we recognize that not every family argument will be considered to be violative of the Domestic Abuse Assistance statute, we find that the actions of appellant in admittedly striking his wife in the head while she was in the hospital after surgery to deliver their child and threatening to shoot her in front of witnesses and the couple's children satisfy the elements of this statute. Under these circumstances, we find no abuse of the trial court's discretion in finding that Dawn Ruiz showed her entitlement to relief under this statute by a preponderance of the evidence.
*447 Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Appellant shall bear all costs of this appeal.
AFFIRMED.