PENZATO, J.
This is an appeal from a judgment dismissing Ms. Warren's petition for protection from abuse. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
At the time of the confrontation that forms the underlying basis for this appeal, plaintiff, Stanley James, had been married to Mary White James, mother of defendant, Rosalind Warren, for approximately fifteen years. Mrs. James was diagnosed with cancer, and Ms. Warren had been living in her mother and step-father's home for about three months, with Mrs. James's permission, to assist in caring for Mrs. James.
On December 7, 2016, plaintiff, Stanley James, filed a petition for protection from abuse alleging that Ms. Warren[1] had abused him by pushing him, spitting in his face, and threatening to hurt him. A temporary restraining order was issued prohibiting Ms. Warren from, among other things, abusing, harassing, or contacting Mr. James, and from coming within 100 *969 yards of his residence, and a show cause order was set to determine whether a protective order should be issued. On December 12, 2016, Ms. Warren filed a petition for protection from abuse in reconvention, alleging that Mr. James had threatened her with bodily harm and that he may "snap" and kill both Ms. Warren and Mrs. James. Ms. Warren's petition was set for hearing at the same time as the hearing on Mr. James's petition. At the hearing on January 3, 2017[2] , the trial court found that neither party was entitled to a protective order, and rendered judgment dismissing with prejudice Ms. Warren's petition for protection from abuse based upon her failure to prove the allegations contained in her petition.[3]
Ms. Warren appeals, essentially challenging the trial court's judgment that she failed to prove the allegations contained in her petition by the appropriate standard.
LAW AND DISCUSSION
Pursuant to the Domestic Abuse Assistance Statute, La. R.S. 46:2131, et seq. , upon good cause shown in an ex parte proceeding, the court may enter a temporary restraining order to protect a person who shows immediate and present danger of abuse. La. R.S. 46:2135(A). If a temporary restraining order is granted without notice, the matter shall be set within twenty-one days for a rule to show cause why a protective order should not be issued, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence. La. R.S. 46:2135(B). If no temporary restraining order has been granted, the court shall issue a rule to show cause why a protective order should not be issued, and set the rule for hearing within ten days from the date of service of the petition, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence. La. R.S. 46:2135(D).
"Domestic abuse" is defined in the Domestic Abuse Assistance Statute as including, but not limited to, "physical or sexual abuse and any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family member, household member, or dating partner against another." La. R.S. 46:2132(3). However, family arguments that do not rise to the threshold of physical or sexual abuse or violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Statute. Rouyea v. Rouyea, 2000-2613 (La. App. 1 Cir. 3/28/01), 808 So.2d 558, 561.
A trial court's decision to issue or deny a protective order is reversible only upon a showing of an abuse of discretion. Id. Additionally, the trial court sitting as a trier of fact is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error. Ruiz v. Ruiz, 2005-175 (La. App. 5 Cir. 7/26/05), 910 So.2d 443, 445.
Mr. James, Ms. Warren, and Mrs. James testified at the January 3, 2017 hearing. Ms. Warren testified that on the morning of December 2, 2016, she heard Mr. James arguing with Mrs. James. She stated that she told Mr. James that he should not be arguing with Mrs. James, who had just had surgery, and that Mr. James told her that it was none of her *970 business. The following morning, December 3, 2016, she woke up and went into the kitchen when Mr. James "started in on [her]" and told her that he wanted her out of the house. She testified that he "got in [her] face and was pointing in [her] face." Ms. Warren acknowledged that Mr. James never threatened to hit her, did not assault her, touch her, threaten to touch her, or threaten to harm her. She stated that "his physical aggression towards [her] was perceived by [her] as a threat." Ms. Warren further testified that after the incident she stayed at the house another day or two, but Mr. James was making it uncomfortable to be there. To avoid any further confrontation, she left.
Mr. James testified that on the morning at issue, he was talking to Mrs. James in the kitchen when Ms. Warren approached him with an "attitude". He put his hand out and he told her to "holdup right there", and that this was none of her business. According to Mr. James, Ms. Warren came close to him and pushed his hand away, and "rubbed her chest against [his] chest and was this close in [his] space." He testified that Ms. Warren was pushing him, and that he looked at her and walked away, took a shower, and went and filed the restraining order. He further testified that he did not hit or threaten physical harm against either Ms. Warren or Mrs. James.
Mrs. James testified that Mr. James did not want Ms. Warren in the house. With regard to the above-related incident, Mrs. James stated that she was in the kitchen mopping when Mr. James came into the kitchen "fuss[ing], and complaining." She did not observe Ms. Warren harm Mr. James, "[n]ot even in words."
At the end of the hearing, the trial court denied the requests for protective orders. The trial court found that the issue involved Mr. James wanting Ms. Warren out of his house, and Ms. Warren refusing to leave, and that neither party proved that they were entitled to a protective order.
If the fact finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Allen v. Allen, 2008-2181 (La. App. 1 Cir. 5/8/09), 2009 WL 1271879, *3 (unpublished). After a thorough review of the record as a whole, including Ms. Warren's admission that Mr. James never threatened to hit or harm her, and did not in fact assault or touch her, we find no error in the trial court's conclusion that Ms. Warren failed to prove the allegations of abuse. Accordingly, we find that there was no abuse of the trial court's discretion in dismissing with prejudice Ms. Warren's petition for a protective order.
CONCLUSION
For the foregoing reasons, the January 3, 2017 judgment of the trial court is affirmed. Costs of this appeal are assessed against Rosalind Warren.
AFFIRMED.

The petition incorrectly referred to Ms. Warren as Rozalyn Owen Williams. When the error was called to the attention of the trial court, the record was corrected to indicate that Rozalyn Williams was also known as Rosalind Warren.

The matter originally came for hearing on December 19, 2016. Following the testimony of Ms. Warren, Mr. James requested a continuance for an opportunity to hire an attorney, which request was granted by the trial court.

The trial court also signed a judgment dismissing Mr. James' petition for the same reason. This judgment is not the subject of the instant appeal.