LANIER, J.
*606 The appellant, Milton Homes, LLC (Milton Homes) appeals the judgment of the Office of Workers' Compensation, District 6 (OWC), which sustained the peremptory exception of improper party filed by the appellee, Flipnmove Productions, Inc. (Flipnmove), and dismissed the appellant's claims against Flipnmove with prejudice. For the following reasons, we reverse the judgment of the OWC and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On July 18, 2017, William Reyer filed a disputed claim for compensation in which he claimed that on June 7, 2017, while in the course and scope of his employment with Milton Homes,[1] he stepped on a cable and injured his left foot and ankle.[2] In its answer, Milton Homes asserted third party demands against Flipnmove, Extreme Reach Crew Services, Inc. (Extreme Reach), and Extreme Reach's workers' compensation insurer, Indemnity Insurance Company of North America (Indemnity). Milton Homes averred in the third party demand that Flipnmove had an agreement with Extreme Reach to provide coverage for workers' compensation liability.[3] Thus, Milton Homes alleged that Flipnmove, Extreme Reach, and Indemnity had primary responsibility to Mr. Reyer for any workers' compensation benefits due to him.
At the time of Mr. Reyer's injury, Flipnmove was producing a television series named "Louisiana Flip and Move." Milton Homes claimed Mr. Reyer executed a document with Flipnmove as a freelance carpenter receiving $ 18 an hour as an employee of Flipnmove, in which he agreed to provide services in connection with the production of the television series as Flipnmove saw fit. Milton Homes alleged that Flipnmove, Extreme Reach, and Indemnity must indemnify Milton Homes for all workers' compensation benefits paid and/or owed to Mr. Reyer.
On November 15, 2017, Flipnmove filed a "peremptory exception of improper party," requesting that it be dismissed from the lawsuit.[4] The OWC ordered, in a judgment signed on February 16, 2018, that the "exception of improper party" be granted, and that Flipnmove be dismissed from the lawsuit with prejudice. It is from this judgment that Milton Homes appeals.
ASSIGNMENTS OF ERROR
Milton Homes assigns nine assignments of error:
1. The OWC erred in considering the exception of improper party as a proper peremptory exception.
2. The OWC erred in granting the exception of improper party.
3. The OWC erred in not considering the exception as one of no cause of *607 action and not denying it on that basis.
4. The OWC erred in not dismissing the exception as presenting matters properly considered at the trial on the merits or summary judgment.
5. The OWC erred in admitting the affidavit of Gregory Quail.
6. The OWC erred in admitting as evidence an order of the 19th Judicial District Court.
7. The OWC erred in excluding as evidence the Flipnmove Freelance Crew Deal Memo and not allowing a proffer.
8. The OWC erred in dismissing the third party demand completely when an allegation of an agreement to provide insurance was not addressed.
9. The OWC erred in dismissing the third party demand with prejudice instead of ordering an amendment or allowing a period for discovery.
DISCUSSION
Milton Homes's first assignment of error questions whether an objection of improper party was a proper exception to be considered before the OWC. Louisiana Code of Civil Procedure article 927 provides a non-exhaustive list of permissible objections raised by peremptory exception. While the objection of improper party is not included in the list, La. C.C.P. art. 927 states that permissible peremptory exceptions are not limited to the listed examples.
The nature of a pleading must be determined by its substance, not by its caption. Wiggins v. State Through Dept. of Transp. and Development , 97-0432 (La. App. 1 Cir. 5/15/98), 712 So.2d 1006, 1008, writ not considered, 98-1652 (La. 9/25/98), 726 So.2d 6. A pleading is construed for what it really is, not what it is erroneously called. Scott v. Hogan , 2017-1716 (La. App. 1 Cir. 7/18/18), 255 So.3d 24, 28 n.4. As we find that the substance of Flipnmove's "exception of improper party" could be construed either as a peremptory exception raising the objection of no cause of action or no right of action, we find it necessary to make separate determinations of whether Milton Homes has a cause of action or a right of action against Flipnmove.
No Cause of Action
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc. , 616 So.2d 1234, 1235 (La. 1993) ; Badeaux v. Southwest Computer Bureau, Inc. , 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1217. The burden of demonstrating that the petition states no cause of action is upon the mover. Ramey v. DeCaire , 2003-1299 (La. 3/19/04), 869 So.2d 114, 119. Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the de novo standard of review. Green v. Garcia-Victor , 2017-0695 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453, writ denied, 2018-0994 (La. 10/8/18), 253 So.3d 800. The court reviews the petition and accepts well-pleaded allegations of fact as true. State, Div. of Admin., Office of Facility Planning and Control v. Infinity Sur. Agency, L.L.C. , 2010-2264 (La. 5/10/11), 63 So.3d 940, 946. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
Milton Homes asserts in its third assignment of error that the objection of improper party in the instant case should have been considered as an objection of no cause of action and denied as such by the *608 OWC. We agree. Insofar as Flipnmove's objection is treated as a peremptory exception raising the objection of no cause of action, the OWC's accepting evidence at the hearing was improper and should not have been considered. In its third party demand, Milton Homes alleged that Flipnmove had obligated itself to provide workers' compensation coverage, thereby making Flipnmove solidarily liable with Milton Homes. Based solely on Milton Homes's well-pled allegations in its petition, under La. R.S. 23:1031 and under La. C.C. art. 2324, Milton Homes has a remedy in the law against Flipnmove, and a cause of action exists. Recognized as a peremptory exception of no cause of action, the OWC committed legal error in sustaining the exception raising the objection of improper party.
No Right of Action
In Flipnmove's memorandum in support of its "peremptory exception of improper party," Flipnmove argued that Mr. Reyer had never been employed by Flipnmove, and did not qualify as a "special employer" under La. R.S. 23:1031, which is titled "Employee's right of action; joint employers, extent of liability; borrowed employees."[5] A peremptory exception pleading the objection of no right of action tests whether the plaintiff or third-party plaintiff (such as Milton Homes) has any interest in judicially enforcing the right asserted. La. C.C.P. art. 927 A(6). Simply stated, the objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. Louisiana State Bar Ass'n v. Carr and Associates, Inc. , 2008-2114 (La. App. 1 Cir. 5/8/09), 15 So.3d 158, 165, writ denied, 2009-1627 (La. 10/30/09), 21 So.3d 292. Flipnmove's objection of improper party essentially claims that Milton Homes is not the proper party to bring the alleged claims against Flipnmove.
Milton Homes's second assignment of error asserts that the OWC incorrectly granted Flipnmove's "peremptory exception of improper party." The standard of review of a ruling on a peremptory exception raising the objection of no right of action, which presents a question of law, is de novo. The function of an objection of no right of action is a determination of whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927 ; LeCompte v. Continental Casualty Co. , 2016-1359 (La. App. 1 Cir. 7/12/17), 224 So.3d 1005, 1009, writ denied, 2017-1525 (La. 12/15/17), 231 So.3d 635.
If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence. If the pleadings state a right of action in the plaintiff, the exceptor may introduce evidence to controvert the pleadings on the trial of the exception, and the plaintiff may introduce evidence to controvert any objections. La. C.C.P. art. 931 ; Howard v. Administrators of Tulane Educational Fund , 2007-2224 (La. 7/1/08), 986 So.2d 47, 59. From the face of Milton Homes's pleadings, we can determine that Milton Homes alleged "[a]s a result of the direct employment relationship with [Mr. Reyer], Flipnmove as well as Extreme Reach and [Indemnity] have *609 primary responsibility to [Mr. Reyer] for all benefits owed under the workers' compensation laws." We find that the pleadings articulate a right of action for Milton Homes to proceed against Flipnmove under the workers' compensation laws of this state.
Evidence was introduced by both Milton Homes and Flipnmove at the trial on the exception, which is permissible for a peremptory exception raising the objection of no right of action. Milton Homes's fifth, sixth, and seventh assignments of error challenge three of the OWC's evidentiary rulings.
The disputed claim for compensation and an excerpt from Mr. Reyer's deposition were introduced into evidence by Flipnmove without objection. In his deposition, Mr. Reyer testified that he worked for Flipnmove as well as for "Chad," meaning Chad Milton, owner of Milton Homes. Mr. Reyer further testified a cameraman for Flipnmove would give him direction as to where to work in conjunction with the television program, but he still "answered to Chad" as far as reporting the hours he worked and what he worked on. Mr. Reyer also stated a supervisor other than Mr. Milton was on the worksite to direct work. Mr. Reyer also stated he filled out documents pertaining to at-will employment with Flipnmove as a freelance carpenter, working for $ 18 an hour.
The fifth assignment of error asserts that the OWC incorrectly admitted the affidavit of Gregory Quail. The affidavit states that Mr. Quail is the president of Flipnmove and has knowledge of its employment practices. Mr. Quail further states that Mr. Reyer was never hired by Flipnmove, and that an employment contract was never executed between Mr. Reyer and Flipnmove relative to the "Louisiana Flip and Move" television series. Mr. Quail further stated that Mr. Reyer was at all times supervised by Milton Homes, and that Mr. Reyer was never under the direct control of Flipnmove.
Milton Homes objected to the introduction of the affidavit as hearsay, and suggested that it would only be proper evidence in a motion for summary judgment. A sworn affidavit is considered hearsay and is, therefore, not competent evidence unless it is specifically authorized by statute. Board of Com'rs of Port of New Orleans v. Louisiana Com'n on Ethics for Public Employees , 416 So.2d 231, 238 (La. App. 1 Cir.), writ denied, 421 So.2d 248 (La. 1982) ; Occidental Properties Ltd. v. Zufle , 2014-0494 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 130, writ denied, 2014-2685 (La. 4/10/15), 163 So.3d 809.
Milton Homes's sixth assignment of error asserts the OWC incorrectly admitted an order from the 19th Judicial District Court, which granted or denied various motions in a matter titled Brent J. Menard v. SPX Cooling Technologies, Inc., et al. , docket number 649687. Milton Homes objected to the admission of the order before the OWC. The order was apparently introduced as an example of the appropriateness of a "peremptory exception of improper party."[6] It is undisputed that the actual content of this document is not material to the instant case.
Milton Homes's seventh assignment of error contends that the OWC improperly excluded the Flipnmove "Freelance Crew Deal Memo" (memo) as evidence, and further erred in not allowing Milton Homes to *610 proffer the evidence. The memo was offered by Milton Homes as proof that Mr. Reyer was employed by Flipnmove as a freelance carpenter, and that Flipnmove agreed to cover Mr. Reyer for workers' compensation insurance through Extreme Reach. Flipnmove objected to the introduction of the memo, arguing that it is not a contract between Mr. Reyer and Flipnmove, since the memo was not signed by a representative of Flipnmove.
The OWC characterized the memo as "not-authentic-like," and not containing "any of the necessary elements to be useful or worthy" in the proceeding. The OWC then disallowed the memo into evidence. Milton Homes did not proffer the memo after the OWC's ruling.
Typically, without a proffer of evidence, appellate courts have no way of ascertaining the nature of the excluded evidence. Williams v. Williams , 2006-2491 (La. App. 1 Cir. 9/14/07), 970 So.2d 633, 640. However, Milton Homes had attached the memo to its opposition to the "peremptory exception of improper party," and it was made part of the record and is sufficiently indicated. Therefore, we are still able to ascertain its nature for the purpose of reviewing the OWC's decision to exclude it from evidence. See State v. Williams , 2006 WL 3110980, at *2 (La. App. 1 Cir. 11/3/06) (unpublished opinion), citing State v. Adams , 550 So.2d 595, 599 (La. 1989) (Dennis, J., concurring); see also State v. James , 2013 WL 5915219, at *4 (La. App. 1 Cir. 11/1/13) (unpublished opinion).
Whether the memo constitutes a valid contract between Mr. Reyer and Flipnmove is immaterial in determining whether Milton Homes has a right of action against Flipnmove. Mr. Reyer's deposition testimony indicates that Mr. Reyer had discussions with representatives of Flipnmove regarding employment, and that he received some degree of direction from Flipnmove on his work related to the television series. Regardless of the propriety of the OWC's rulings on the admissibility of Quail's affidavit, the order from the 19th JDC, or the memo, those issues are moot. The allegations pled in Milton Homes's third party demand, and the deposition excerpts of Mr. Reyer introduced at the hearing, are sufficient to show that Milton Homes has a right of action against Flipnmove in determining the true nature of the employment relationship between Mr. Reyer, Milton Homes, Flipnmove, and Extreme Reach. Recognized as a peremptory exception raising the objection of no right of action, the OWC committed legal error in sustaining the exception of improper party.
CONCLUSION
We find that, whether it is construed as an exception of no cause of action or as an exception of no right of action, Flipnmove's exception of improper party was incorrectly sustained by the OWC. The judgment of the OWC must therefore be reversed, and the matter remanded to the OWC for further proceedings. Based on our ruling, we pretermit discussion on Milton Homes's remaining assignments of error.
DECREE
The judgment of the Office of Workers' Compensation, District 6, sustaining the peremptory exception of improper party filed by the appellee, Flipnmove Productions, Inc. is reversed, and the matter is remanded for further proceedings. All costs of this appeal are assessed to the third party plaintiff/appellee, Flipnmove Productions, Inc.
REVERSED AND REMANDED.

Mr. Reyer admitted in his deposition testimony that he was an employee of Milton Homes.

Milton Homes's self-insured fund, Louisiana Home Builders' Association Self Insurers' Fund, was also named as a defendant along with Milton Homes in Mr. Reyer's disputed claim, but was subsequently dismissed from the suit without prejudice.

Milton Homes averred that at the time of the agreement, Extreme Reach was known as PES Payroll Services.

The other third party defendants did not join in Flipnmove's exception.

Louisiana Revised Statutes 23:1031(C) states, in pertinent part:
In the case of any employee for whose injury or death payments are due and who is, at the time of the injury, employed by a borrowing employer in this Section referred to as a "special employer", and is under the control and direction of the special employer in the performance of the work, both the special employer and the immediate employer, referred to in this Section as a "general employer", shall be liable jointly and in solido to pay benefits as provided under this Chapter.

Item # 3 of the order reads as follows: "The University of Louisiana System Foundation's peremptory exception of improper party is hereby GRANTED and Plaintiff's claims against the University of Louisiana System Foundation are hereby dismissed with prejudice."